*Wang v. Sessions*

BIA
Segal, IJ
A205 582 728

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of May, two thousand eighteen.

PRESENT:
GUIDO CALABRESI,
JOSÉ A. CABRANES,
RICHARD C. WESLEY,
*Circuit Judges.*

_____

BI QING WANG, AKA WANG BI QING,
*Petitioner,*

v.                                      17-219
                                        NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Zhou Wang, New York, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Russell J.E.
                       Verby, Senior Litigation Counsel;
                       Kristin Moresi, Trial Attorney,
                       Office of Immigration Litigation,

United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bi Qing Wang, a native and citizen of the People's Republic of China, seeks review of a January 3, 2017, decision of the BIA affirming a November 30, 2015, decision of an Immigration Judge ("IJ") denying Wang's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bi Qing Wang,* No. A 205 582 728 (B.I.A. Jan. 3, 2017), *aff'g* No. A 205 582 728 (Immig. Ct. N.Y. City Nov. 30, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *Wala v. Mukasey*, 511 F.3d 102, 105 (2d Cir. 2007). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

2

Pursuant to the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base an adverse credibility ruling on an applicant's "demeanor, candor, or responsiveness," any inconsistencies in an applicant's oral and written statements or other record evidence "without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim," and "any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167.

Contrary to Wang's position, which relies on pre-REAL ID Act standards, the agency may rely on "*any* inconsistency or omission in making an adverse credibility determination as long as the 'totality of the circumstances' establishes that an asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d at 167 (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)). Under this standard, the agency reasonably relied on an inconsistency regarding the date Wang's mother was notified of Wang's arrest. 8 U.S.C. § 1158(b)(1)(B)(iii). A letter from Wang's

mother stated that the police called her the day Wang was arrested, but Wang testified that the police did not contact her mother until two weeks after her arrest, to request that she pay Wang's bail.

Wang does not challenge the remaining bases for the adverse credibility ruling, which are also supported by the record. Wang confirmed multiple times that she was not in China when the police visited her mother and questioned her about Wang's whereabouts on October 6, 2012. However, she was unable to give her location and later testified that she was in Fuzhou City (in her home province of Fujian) on October 6 and did not leave China until October 10. Wang's explanation that she meant to state that she had left her hometown on October 6 is not compelling, given that she stated unequivocally that she was "not in China" and confirmed this answer several times. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)). The agency also cited Wang's

testimony about her location on October 6 as one example of her lack of responsiveness, which was a frequent problem throughout the hearing. 8 U.S.C. § 1158(b)(1)(B)(iii) (agency may rely on applicant's "demeanor, candor, or responsiveness" in deciding credibility).

Wang also gave conflicting testimony regarding her U.S. church attendance. She testified that she attended church once per week, but the letter from her church confirmed attendance only half as often. The IJ was not required to credit Wang's explanation that she sometimes missed church because it did not account for the significant difference. *Majidi*, 430 F.3d at 80.

The above inconsistencies and Wang's frequently non-responsive testimony provide substantial evidence for the adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. Because Wang's asylum, withholding of removal, and CAT claims were all based on the same factual predicate, the adverse credibility ruling is dispositive. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court